Mr. Smith is moving this court to authorize a successive habeas corpus petition in light of the U.S. Supreme Court's ruling in Johnson v. United States. Counsel, that's my problem. I don't read it as a Johnson argument. I read it as a DeKalb argument. Can you help me out with that?   So, there were, at the district court level, five predicates that the government offered to sustain an armed career criminal finding. The district court found that three of those qualified as enumerated Taylor burglaries, two of which the court found were violent felonies, but did not assert a basis for which those violent felonies qualified. When the case came to the Ninth Circuit on appeal, Mr. Smith did not challenge two of those predicate convictions, and so... On direct appeal. On direct appeal. That's correct. So, the only finding that this court made to sustain an armed career criminal act sentence was that he was, in fact, convicted of a Taylor generic burglary. So, it's our position now that Mr. Smith is raising a Johnson claim because it's the rule in Johnson that vitiates his armed career criminal status. In other words, but for Johnson, he would remain an armed career criminal. We know that DeKalb and, since Mathis, have clarified the way in which we interpret the statute, particularly a Taylor burglary. So, if we assume that the panel was wrong on direct appeal because he doesn't have the requisite number of predicate prior offenses, why didn't he need to make this argument that we're talking about right now in his first habeas petition? Because at the time, in his habeas corpus petition, he would still have been an armed career criminal. In other words, the only benefit that Mr. Smith would have gotten by raising this in a first habeas... And the reason you think he would have been, I'm just trying to make sure I follow your argument, is because we didn't have Johnson yet? Exactly. Because in 2007, the U.S. Supreme Court in James held that attempted burglary qualified as a violent felony under the residual clause. And, of course, it's the residual clause that Johnson invalidated. In fact, as far back as 1990, in the Supreme Court's decision in Taylor, the Supreme Court had said, even if we don't have a generic burglary under Taylor, it can still qualify under the residual clause. So had Mr. Smith raised his argument in his first 2255, it would have gotten him nowhere. You think it would have been futile for him to raise the argument? That's why he's excused? It would have been... And that's why this is now a Johnson argument as opposed to DeKalb? It would have been futile to raise that argument, yes, because he would have remained an armed career criminal. And it is DeKalb... It is Johnson that vitiates his armed career criminal status, not... I'm having some trouble. I just want to kind of go back again. So he appeals. He has his direct appeal in 2006. And at that time, we have Wenner on the books, correct? So everybody says the Washington burglary statute is overbroad at that point, right? Correct. Okay. But at that point, when he appeals, why couldn't he have appealed a misapplication of Taylor? I think, in fact, he did. Well, he didn't. I thought he only appealed ineffective assistance of counsel in his habeas, his 2007 habeas. On direct appeal, he appealed the misapplication of Taylor, saying the district court misapplied Taylor and found that he had generic burglaries. Right. And then in one of his... And he lost... Let me just stop you. And that was because they hadn't actually presented certified copies of the judgments of conviction. Essentially, I'm looking at his habeas application in 2007, and that's the grounds on which he's challenging the predicate. That is correct. In his habeas petition, he alleged that there was no certified records. And if the court looks at the order of the district court, the district court cites to the PSR to sustain its findings that it was a violent felony. But I think his habeas petition, though, he's alleging ineffective assistance of counsel for not doing certain things with respect to the judgment. He's not arguing a misapplication, correct? That is correct. But he could have argued that. I mean, nothing would have precluded him in 2007 on his habeas from making that argument. He might have lost. I don't know. But that was on the table, having just done it on direct appeal, correct? On his first timely 2255, he could have argued that. And that's the point of Judge McGuirin's making, that when it was on the book... I was coming back to Judge Kristen's question originally. So, essentially, what I hear the court saying is he procedurally defaulted that argument. He could have raised it, and yet he didn't. And I would just like to highlight that the government hasn't raised a type of procedural default claim. Well, it's more than procedural default. The problem I'm having, I think, is based on, I guess it would be the district court's order adjudicating that first habeas application where it performed the modified categorical analysis and determined that he had actually made admissions to facts sufficient to establish that these were, for want of a better term, common law burglaries. And I'm wondering why isn't he bound in 2007 by those admissions? I mean, your argument is if Johnson were applied today, we wouldn't get to the modified categorical approach. But the problem he has is that we're past that. We know, as law of the case, that he has admitted to sufficient facts to count those two burglaries as predicate crimes. And, in essence, what you're asking us to do is to ignore those admissions in the record and resentence him as if that had never occurred. And that is correct. In essence, what we're asking the court to do is to ignore or to not take as law of the case those admissions that occurred back in 2007. And let's just stop there. What's your best authority for us to ignore those? I mean, it seems like there has been a lot of ignoring those in the briefing in the district court. But if we were to ignore them, I'm not sure what our authority is to say, well, it's really not law of the case, even though it's the record of the case. Well, I would just like to highlight that this court in United States v. Garcia talked about the law of the case doctrine. And the law of the case doctrine is not a limitation on this court's authority. So, in other words, it's something that the court does not have to follow through. And, in fact, there are three exceptions to the law of the case doctrine, and the first of which I believe is applicable in this case, which would be that a prior decision was clearly erroneous or results in a manifest injustice. But I guess that's what I'm wrestling with. Where's the injustice here? We know that his prior convictions count because of the admissions that he made. He now wants us to ignore those admissions and not count the predicates. Why is it a miscarriage of justice on this record to conclude there is no miscarriage of justice here, that he is the guy that Congress had in mind when they passed the ACCA? I think there are some questions looking at those admissions from my perspective today, whether those admissions, in fact, are sufficient. For example, let's just assume they're sufficient. Yeah, assume for purposes of my analysis and my hypothetical that that argument doesn't carry the day, that the admissions are binding and these are burglaries. So assuming that they are burglaries, then the manifest injustice stems from the fact that were Mr. Smith to appear before the district court or this court today, there is no question that he would not be an armed career criminal. It is only because of the residual clause that he was constitutionally – No, no, no, not the residual clause, the enumerated clause, because based on those admissions, we know that this is one of the enumerated crimes, i.e., burglary. And I think that from Mr. Smith's perspective, we just have a different take on whether his sentence could constitutionally have rested on a finding that they were enumerated burglaries when we know, after the fact, given the intervening precedent of DeCamp and Mathis, that to find that those were enumerated burglaries by resorting to the modified categorical approach infringed upon Sixth Amendment rights as well as – well, all of the, in fact, concerns that the Supreme Court raised in DeCamp with discussing why we do the divisibility, non-divisibility analysis. So the manifest injustice is the fact that the modified categorical approach was misapplied when he was originally sentenced by imputing upon him – Well, skipping the divisibility analysis, right? That's what it did. It skipped divisibility. Exactly. It went straight to the Shepherd-compliant document. But he raised this argument. In one of his petitions, and I think it's the fourth, but it might be the fifth, but I'm not sure. In 2015, he raised the argument that he was actually sentenced – he raised a Johnson argument. And our Court held that he was not sentenced pursuant to the residual clause. But just so I'm clear about which petition the Court's referring to, it's the October 2015 motion for authorization to file a successive petition in light of Johnson that the Court's referring to? I'm looking at August 23rd, 2015. And I think I said the wrong thing because it would be a motion in 2255. But it's August 23rd, 2015. The case is 15-72688. And there's an order from a three-judge panel on October 16th. Right. Basically saying that – denying the SOS. It's a motion to file, yeah. It does not call into question the application of the enumerated offenses. Certainly. So I'm assuming the Court's question is, why does he now get to file a successive request for a successive permission to file? My point is it just keeps coming back to this is not a Johnson argument, right? I just don't see this as a Johnson argument. It really seems to me to be a – he's tried it both ways. First, he tried it as a – basically a decamp argument on direct appeal, and he lost. And your position is that the Court got it wrong, okay? That is correct. Okay. I mean, to be – I'm putting words in your mouth, and you're more polite than that. But that's what your position is, I think. And then, hence, my first question, which is, so why didn't he have to include this argument in his first federal habeas petition? And we've been over that. Then he came back after Johnson and filed a Johnson request to file a second SOS, or anyway, a subsequent one. It wouldn't have been the second one. Arguing that he had an argument under the residual clause, and our Court ruled he didn't. That he, in fact, was sentenced for these prior burglaries under the enumerated offense clause, right? The Court held that the claim did not implicate Johnson because Johnson didn't call into question the enumerated offense clause. Right. So it just strikes me that this is not a Johnson argument. And so he doesn't have a new rule of constitutional law. He's trying to resurrect his decamp argument that he brought unsuccessfully. It's a constitutional claim in the sense that when we're looking at whether authorization to file should be granted under 2255H2, the Court's inquiry here is whether his claim relies on a new rule of constitutional law. Mr. Smith's claim relies on a new rule of constitutional law in that, but for the residual clause, he would not constitutionally be categorized as an armed career criminal. Decamp is relevant to whether or not there was prejudice. In other words, if Mr. Smith were to argue that he has a Johnson claim and that following Johnson he's not an armed career criminal, but applying decamp and the intervening precedent, it becomes clear that his three convictions still qualify, then he's not raising a Johnson claim. However, one of the things that he is arguing and one of the things that the government doesn't contest is that it is only the erroneous finding that his conviction qualified as an enumerated offense that maintains his armed career criminal status because it can't be sustained today under any of the other clauses. So it is that position. That's Mr. Smith's position. Thank you. Hi, police, court, and counsel. I'm James Gaikin. I represent the United States. I think, Judge Christian, you hit the nail on the head. This is a successive Johnson argument. That argument was denied back in October. In Decamp. Decamp argument. And that argument has been denied. We've been down this road before. And the defendant is bound by those admissions he made earlier when this was on initial review. We know that these are enumerated offenses for which he has been deemed to be ACCA. He's had a Decamp argument. He's had a Johnson argument. Now he wants another Decamp argument clothed in a Johnson argument. What I said a minute ago is that opposing counsel is being very polite. And their argument, I think, at base, if you poke at it a little, is that our court was wrong in 2006 on direct appeal. And the manifest injustice springs from that mistake. Because if we were to do this all over again, winners on the books, and we certainly know about Mathis, and that would be done differently today. That's her argument. What is your response, please? My response is I agree. That is her argument. Her argument is we were wrong at the beginning. But my argument, my response to that, is we have been down this road with successive appeals and the court has refused to find that it's been wrong. We have law of the case for a reason. This individual would be the fourth, 20 to 55. These arguments have been analyzed. And the court has concluded repeatedly that the defendant should not have any relief. So is it a finality argument? Is that what you're making? In other words, this is sort of what we used to refer to as the abuse of the writ. It is. It is. We have gone down this road many times. All of these arguments have been raised. And the defendant's complaint is the court got it wrong. That's the defendant's, succinctly and politely, but the court got it wrong is the argument. We have had multiple writs to try to determine that before, and the answer has been rendered over and over again. And all of the avenues have been trodden. Is it correct that in the 2007 federal habeas that he filed, he argued that counsel was ineffective for not requesting or insisting upon the certified records? I believe so, but I cannot say that conclusively. I don't want to misrepresent that record. Well, I've got his petition, and that's how I read it. That's what he read it. He basically said that for failure to present the judgments. But he didn't make a direct attack on the categorical or the application of Taylor. I think that's right. And if the court were to consider this under the guise of a 2255, I think, again, this would also be the wrong forum. This petition would have to have been brought in the district in which he is incarcerated if he were to try, essentially, a manifest injustice argument. That petition should be brought in Arizona where he's incarcerated, not in the district court for the District of Washington. That's what he's left with. In essence, the government's response is finality. We've been down this road over and over again. He's had multiple bites at the apple. This argument now is an argument of statutory construction. It's not really a Johnson argument. And we're done. He does have, but it's not as though he has no relief or no shot at relief at all. He can bring a petition in the proper forum and argue manifest injustice. Whether that will be decided on the sabre remains to be seen. This is not the right vehicle for that, though. Does the Court have any further questions I'm able to add? Thank you. Thank you. We took a lot of your time. I'll give you another minute if you have anything additional to add. Nothing further. Thank you. The case just argued of Smith v. United States is submitted.
judges: McKeown, Tallman, Christen